UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-mc-00005 UA | Date | June 25, 2010 |
|---|---|---|---|
| Title | Mark Joseph Armstrong v. County of Los Angeles, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER RE: "MISC CASE FOR FILING OF LEGAL AND LAWFUL DOCUMENTS AS PROOF OF STANDING AND STATUS" (In Chambers)

On January 8, 2010, one Mark Joseph Armstrong presented to this Court for filing a stack of approximately 44 documents, under cover of a document in which Mr. Armstrong asserts that "[t]his filing of the enclosed Documents are Prima facie evidence of Proof of Standing and Status. The enclosed is hereby submitted as Evidence of Credential of Plaintiffs Standing and status upon and in Los Angeles County and the California Republic State." Nothing in any of these documents, however, suggests any basis that would allow the court to entertain this filing.

As the Supreme Court has indicated, the Federal Rules of Civil Procedure "provide the normal course for beginning, conducting, and determining controversies." New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 406 (1960). The Rules provide that "[t]here is one form of action -- the civil action." Fed. R. Civ. P. 2. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984).

Mr. Armstrong's documents fail to meet any of these requirements. In fact, Mr. Armstrong has not filed anything that could be remotely construed as a "complaint." He has made no attempt to set forth any case or controversy for this Court to adjudicate. Though he has captioned his cover document "Mark-Joseph: Armstrong-El: aka Ex Rel: Mark-Joseph: Armstrong Misc Case for Filing of Legal and Lawful Documents as Proof of Standing and Status v. County of Los Angeles Board of Supervisors County of Los Angeles Sherrif-Lee David Baca," he has nowhere explained what his claims against the County or Sheriff Baca might be. He has not made any showing as to why he is entitled to relief; to the contrary, he has not even asked for any relief. He has not requested that the court take any action of any kind. Further, he has made no effort whatsoever to explain why this court should or could exercise jurisdiction over his "status," and he has not pointed to any federal rule or statute that might provide the court with authority to do so. In short, Mr. Armstrong's filing "is not, indeed, does not purport to be, such a complaint as the rules contemplate and prescribe." Application of Howard, 325 F.2d 917, 918 (3d Cir. 1963).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-mc-00005 UA | Date | June 25, 2010 |
|---|---|---|---|
| Title | Mark Joseph Armstrong v. County of Los Angeles, et al. | | |

  Further, it does not appear that Mr. Armstrong ever intended to initiate a civil action. He requested that these documents be filed as a "miscellaneous case," subject only to the $39 fee for "filing or indexing any document not in a case or proceeding for which a filing fee has been paid." 28 U.S.C. § 1914, Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, § 1. Thus, he has never paid the $350 filing fee required to initiate a civil action. 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350 . . . ."). Nor has he ever sought leave to proceed *in forma pauperis*, without payment of the fee. Subsequently, after his initial filing, it does not appear that he has taken any additional action. It does not appear that he has ever attempted service of process, or ever intends to attempt service of process, on any person or entity.

  Unfortunately for Mr. Armstrong, this means that the court cannot consider his "Misc Case for Filing of Legal and Lawful Documents as Proof of Standing and Status." He has not initiated, and evidently does not wish to initiate, a civil action. But he has not pointed to any rule, statute, or case that would entirely exempt from the purview of the Federal Rules of Civil Procedure his desire to avail himself of this court's limited resources, for reasons that cannot be ascertained from anything he has filed. While there may be a few, very limited, situations in which the Rules do not apply, this is not such a situation. Fed. R. Civ. P. 1, 81.

  If Mr. Armstrong changes his mind, and decides that he wishes to institute a civil action after all, that option remains open to him. The normal recourse of filing a complaint and pursuing a civil case (after paying the required filing fee or applying for *in forma pauperis* status) is available. He should be aware, however, that federal courts are courts of limited jurisdiction, and he should make an effort to determine whether he has a basis for seeking federal court jurisdiction before choosing to file any future case. Further, Mr. Armstrong should at least attempt to comply with the Federal Rules of Civil Procedure in preparing any complaint he may file in the future. Mr. Armstrong's assertion that he is not an American citizen, but rather a "Native Royal Noble Sovereign" born "a true aboriginal indigenous inhabitant of the real land and shores of the continent Amexum erroneously called America. . . . part and parcel in Al Maroc, which is in the Moorish Empire from Ancient KMT (Egypt), in ancient Abyssinia and Lemuria" will not hinder his ability to file a civil action in the Central District; foreign citizens may turn to a federal court for assistance in resolving a dispute, if the court has jurisdiction over that dispute. However, the Federal Rules of Civil Procedure apply equally to all civil litigants in federal court, regardless of national origin. In the meantime, however, the court has no basis to entertain Mr. Armstrong's assertions regarding his own status, political, financial, ancestral, or otherwise. Accordingly, IT IS HEREBY ORDERED that Mr. Armstrong's documents be STRICKEN from the record.

  **IT IS SO ORDERED.**

                                      :

                     Initials of Preparer    AB